UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Robert E. Snelgrove,

    Plaintiff,

    v.    Civil Action No. 2:20–cv–148–jmc

Herman LeBlanc,

    Defendant.

## REPORT AND RECOMMENDATION
(Doc. 2)

Plaintiff Robert E. Snelgrove initially filed this action in Orleans County Superior Court in Vermont on July 24, 2017. (Docs. 2-1, 2-2.) In the Complaint, Snelgrove asserts claims for trespass and unlawful mischief under Vermont law. (Doc. 2-1 at 7.) On September 28, 2020, Defendant Herman LeBlanc removed the case to this court on the basis of both federal question and diversity jurisdiction. (Doc. 1.) Snelgrove has moved to remand. (Doc. 2.)

For the reasons described below, I recommend Snelgrove's Motion to Remand (Doc. 2) be GRANTED.

### Factual and Procedural Background

The parties are former neighbors who have a long and complex history of litigation relating to a boundary dispute and associated partition and property

damage actions.[1]  The Court assumes the parties' familiarity with the underlying facts and therefore recites only the facts necessary to resolve the Motion to Remand.

On July 24, 2017, Snelgrove filed this action in the Vermont state courts, asserting state-law claims against LeBlanc for allegedly destroying and damaging a boathouse structure located on Snelgrove's property.  (Doc. 2-1.)  The state-court docket reveals that LeBlanc was served with the Complaint on August 2, 2017.[2] (Doc. 2-2 at 3.)  On October 31, 2017, the state court granted Snelgrove's Motion for a Writ of Attachment.  (*Id.* at 4.)  On April 25, 2018, the action was stayed pending criminal proceedings against LeBlanc arising from the same conduct.  (*Id.* at 5.)  Once the criminal action was formally dismissed (Doc. 1 ¶ 6; Doc. 2 at 2), Snelgrove filed a Request for Status Conference on August 14, 2020 (Doc. 2-2 at 10).  Absent any opposition, a pretrial conference was scheduled to take place on September 25, 2020.  (*Id.*)

On September 23, 2020, LeBlanc filed a Notice of Removal in the state court, which then canceled the pretrial conference.  (*Id.* at 11.)  On September 28, 2020, LeBlanc's Notice of Removal was filed in this Court, requesting that "the Court . . . [m]oot the Writ of Attachment."  (Doc. 1 ¶ 8.)  Snelgrove has now moved to remand, arguing that LeBlanc's removal is untimely.  (Doc. 2.)

---

[1] LeBlanc has removed three related actions to this Court: the litigation concerning the boundary dispute, 20-cv-147; a partition action, 20-cv-146; and this action concerning destruction of property on Snelgrove's land, 20-cv-148.  Snelgrove has moved to remand all three cases.  Each is considered in separate reports and recommendations on the corresponding dockets.

[2] At a hearing on September 15, 2017, the state court indicated on the record that service of the Complaint on LeBlanc was actually completed on July 25, 2017.  (Doc. 1-1 at 9–11).  For purposes of considering the instant Motion to Remand, the Court will nevertheless consider the later date annotated on the state court's docket.

## Analysis

Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, a civil action may only be removed to federal court if it "could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005). District courts must "construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, . . . the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also Aurora Loan Servs, LLC v. Koellmer*, CIVIL ACTION NO.: 3:16-cv-00233 (VAB), 2016 WL 9818438, at *1 (D. Conn. Apr. 5, 2016) ("The party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied.").

Here, Snelgrove argues that regardless of LeBlanc's asserted basis for federal jurisdiction, his Notice of Removal is untimely. (Doc. 2 at 2–3.) Pursuant to 28 U.S.C. § 1446(b)(1), a defendant has 30 days to remove a case to federal court after the complaint is filed in the state court. In cases where the initial pleading did not state a removable case, but the action later becomes removable, then the 30-day clock

3

begins to run when the defendant receives a filing "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Even in the latter scenario, a defendant who seeks to remove a case on the basis of diversity jurisdiction must do so within one year after commencement of the action. *Id.* § 1446(c)(1). The only exception to this one-year limit is in cases where "the district court finds that the plaintiff has acted in bad faith in order to prevent [the] defendant from removing the action." *Id.* However, the bad-faith exception is a narrow one as Congress intended the exception to be "limited in scope." *Nocelli v. Kaiser Gypsum Co.*, No. 19-CV-1980 (RA), 2020 WL 230890, at *4 (S.D.N.Y. Jan. 15, 2020) (quoting H.R. Rep. No. 112-10 at 15).

In this case, the Complaint was served on LeBlanc no later than August 2, 2017. (Doc. 2-2 at 2.) LeBlanc removed to this Court more than three years later, on September 28, 2020. (Doc. 1.) Thus, his Notice of Removal was plainly filed outside the 30-day period prescribed by 28 U.S.C. § 1446(b)(1). Even if LeBlanc relies on diversity jurisdiction as the basis for removal, he removed well over one year after the action was originally commenced. *See* 28 U.S.C. § 1446(c)(1). Moreover, he has not alleged that Snelgrove acted in bad faith in order to prevent him from removing the case.[3] *Id.* Accordingly, LeBlanc's Notice of Removal is untimely.

---

[3] Indeed, it appears that the basis for diversity jurisdiction was apparent on the face of the Complaint when it was filed on July 24, 2017. *See* Doc. 2-1 at 2, ¶¶ 1, 3 (pleading citizenship of the parties); *id.* at 6, ¶ 32 (pleading estimated damages at $107,000); *see also* Doc. 1-1 at 6:8–14, 12:6–11 (indicating Snelgrove is a Canadian citizen); *id.* at 13:20–23 (indicating LeBlanc is a citizen of the State of Vermont); *id.* at 8:10, 45:6 (indicating amount in controversy is $107,000). Thus, LeBlanc cannot point to any bad-faith attempt by Snelgrove to prevent him from removing the action to this Court. Likewise, LeBlanc cannot argue that the 30-day clock started at a later date pursuant to 28 U.S.C. § 1446(b)(3). Even if he could, he would be barred by the one-year limit set forth in § 1446(c)(1).

## Conclusion

For these reasons, I recommend that Snelgrove's Motion to Remand (Doc. 2) be GRANTED. The Clerk of the Court is requested to assign this case to a United States District Judge for consideration of this Report and Recommendation. In the interest of judicial economy, the Clerk of the Court should consider assigning two related cases (*Snelgrove v. LeBlanc*, Civil Action No. 2:20-cv-146; *Snelgrove v. LeBlanc*, Civil Action No. 2:20-cv-147) to the same Article III judge who is assigned to this case as the cause of action and issues are similar in all three.

Dated at Burlington, in the District of Vermont, this 5th day of November 2020.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).